Hall *v.* Fisher.

---

## HALL *vs.* FISHER.

In what cases sworn bills may be amended, although the amendments contradict material allegations in the original bill.

THIS was an application to amend a sworn bill. The facts, as stated in the present bill, and the general object of the suit, appear in the report of the case when it was before the chancellor upon the application to dissolve the injunction. (*See Hall* v. *Fisher*, 1 *Barb. Ch. Rep.* 53.)

*G. A. Simmons*, for the complainant.

*A. C. Hand*, for the defendants.

THE CHANCELLOR. The amendments proposed appear to be material, and, indeed, essential; although some of them are inconsistent with what was sworn to in the original bill. The

affidavit of the complainant's solicitor fully explains how one of the material mistakes occurred in drawing the bill. The one-fourth of the ore bed in dispute was originally conveyed to Joseph Hall and Ephraim Hall his son ; against both of whom a judgment was recovered in the supreme court. After that judgment became a lien upon the land, Ephraim Hall conveyed his interest in the land to his brother Eliphalet Hall ; the only complainant in this suit. The premises were subsequently sold by the sheriff on an execution upon that judgment. And Eliphalet Hall, who then owned one-eighth, redeemed, or attempted to redeem, the premises from Fisher's purchase at the sheriff's sale, for himself and his father Joseph Hall, who then owned another eighth. And, both of them supposing the redemption to be effectual, Joseph Hall, the father, conveyed his interest in the premises to his son Ephraim, the former owner of the other eighth ; and not to Eliphalet, as was erroneously stated and sworn to in the bill. The object of a portion of the amendments is to correct this error in the bill, and to make Ephraim Hall a co-complainant in the suit.

The solicitor states that all the papers were before him when he drew the bill for the complainant ; but that, through inadvertence and the similarity of names, he got the impression that Joseph Hall, the father, conveyed to his son Eliphalet ; and that the latter was the sole owner of the premises originally conveyed by Fisher. He therefore drew the bill accordingly ; stating that Joseph Hall conveyed to Eliphalet Hall. As there was nothing else in the bill to call the complainant's attention to the substitution of Eliphalet Hall for Ephraim Hall, it would have easily occurred that in the reading of the bill over hastily, he might not discover the mistake ; and therefore swore to it as a matter of course, believing it to be entirely right. It is, therefore, a case in which an amendment should be allowed, in furtherance of justice ; although it is an amendment to a bill upon which an injunction was once allowed, and the amendment contradicts a material allegation which was sworn to by the complainant.

Some of the other amendments asked for, relate to the direc-

Hall *v.* Fisher.

tions given to the complainant, by the deputy sheriff, and to the acts and agency of Cuyler, the clerk, in the reception of the redemption money.  The amendments in that case do not conflict with any thing that is sworn to in the bill as to that transaction, but are merely in addition thereto ; giving a more extended statement of what took place on that occasion; with an averment that it is doubtful whether the amount received by Cuyler, as the agent of the sheriff for that purpose, was or was not the full amount of the redemption money required by law to be paid.  The amendments are sworn to, and it appears to be reasonable to allow them to be made.  For they may be essential to the setting aside of the sheriff's deed as a cloud upon the complainant's title ; the circumstances of the case depending upon parol evidence only.  It may be proper to say, however, that if the facts are proved, as now sworn to by the complainant, the redemption was probably valid ; even if Cuyler made a mistake of a few cents in computing the interest, so that he gave back too much change to the complainant, and did not retain the full amount which he should have received.  For if Cuyler was the agent of the sheriff to make the computation of interest, as well as to receive and hold the redemption money for him, the plaintiff may have a perfect defence to any suit at law which may be brought against him to recover the possession of the property.  The other amendments may also be material, in equity, to show that the acts of the defendants were inequitable and unconscientious, if the defendants at that time meant to insist that the premises were not legally redeemed.

The amendments must therefore be allowed.  But the defendants are entitled to any benefits which may be derived from the sworn bill on file.  The amendments must, therefore, be made by incorporating them into the draft of the original bill, and engrossing and filing the same as a separate amended bill, after such amended bill shall have been verified by the oath of Eliphalet Hall, who is the sole complainant in the original bill.  The amended bill must be filed and served within forty days after this decision ; and the complainant, as a condition of, and before he is permitted to make such amendment, must pay to

the defendants, or to their solicitor, $15, for the costs of opposing the two motions to amend.

And if the defendants elect to abandon their answer to the original bill, and to file a new answer to the whole bill as amended, the complainant must pay the costs of the former answer within thirty days after service of the taxed bill of such costs. But the non-payment of the last mentioned costs is not to interfere with the amendment; which costs are to be collected by a precept, in the usual way, if they are not paid.